RECEIVED

JUL - 5 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-207 |
| -vs- | JUDGE DRELL |
| BOBBY D. CURTIS | MAGISTRATE JUDGE KIRK |

## JUDGMENT

The Court has considered the "Report and Recommendation of Magistrate Judge" (Doc. 108), and has conducted an independent (de novo) review of the record including the objections filed by the Government and the response by petitioner. For the sake of brevity, the Court accepts and adopts the factual and procedural background of Mr. Curtis' case set forth in the Report and Recommendation; however, we decline to follow the recommendation. The Magistrate Judge posited that Mr. Curtis received ineffective assistance of counsel on multiple points which we address in turn as presented in the Report and Recommendation.

Standard for Ineffective Assistance of Counsel

To prevail on a habeas corpus complaint or a complaint under 28 U.S.C. § 2255 for ineffective assistance of counsel a complainant must demonstrate that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Anderson v. Collins, 18 F.3d 1208, 1215

(5th Cir. 1994). A defendant is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. Id. (citing Strickland v. Washington, 466 U.S. 668, 693 (1984)). As specifically relates to guilty pleas, a plaintiff in such a case "may establish the requisite prejudice only by demonstrating a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty and would have insisted upon going to trial." Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993) (citing Hill v. Lockhart, 474 U.S. 52, 58–59 (1985)). Both prongs, deficiency and prejudice, must be met in order for a Section 2255 plaintiff to prove ineffective assistance of counsel.

Curtis' present argument that the statute of limitations had run against the government in charging Curtis with the crime was raised by defense counsel in conjunction with a hearing on the Motion to Withdraw Guilty Plea (See Transcript, Doc. 44, pp. 6 & 24). At the hearing, we ruled Fed. R. Crim. Proc. 45(a)(1)(A) applies to the computation of time set forth in 18 U.S.C. § 3284, i.e., the date of Curtis' discharge from bankruptcy is excluded for the computation of time as it is the date which triggers the five year statute of limitations period. (Transcript, Doc. 44, pp. 29–30). The Report and Recommendation cites several cases from outside the Fifth Circuit. U.S. v. Guglielmini, 425 F.2d 439 (2nd Cir. 1970), cert. denied, 400 U.S. 820 (1970) (citing U.S. v. Fraidin, 63 F.Supp. 271, 285 (D.Md. 1945)); U.S. v. Dolan, 120 F.3d

2

856, 867–68 (8th Cir. 1997); Winslow v. U.S., 216 F.2d 912, 915 (9th Cir. 1954),

cert. denied, 349 U.S. 922 (1955). These cases suggested to the Magistrate

Judge that the five year limitation period for filing should begin on July 23,

2003, i.e., the actual date of Curtis' discharge from bankruptcy. However,

unlike here, a single, last, day did not make a difference in the limitations

period discussion of the cited cases, and the rule of Fed. R. Crim. Proc. 45 was

not before those courts for decision. We do not read 18 U.S.C. § 3284 to specify

a "method of computing time." See Fed. R. Crim. Proc. 45(a). Accordingly, the

default method of Fed. R. Crim. Proc. 45(a)(1)(A) applies; the first day of the

five year limitations period for the indictment in Curtis' case began July 24,

2005, and the indictment against him was timely.

We withhold comment on the Government's wisdom in waiting until the

last day of a five year period to file an indictment, but we maintain our decision

in the absence of controlling jurisprudence on point. Curtis' attorney raised the

argument in the hearing to withdraw the guilty plea and the issue has been

fully litigated and decided. Finally, we note that Curtis' conviction was

affirmed by the Fifth Circuit (Doc. 52), although the statute of limitations issue

was not fleshed out in detail.

The Report and Recommendation also concludes Curtis received

ineffective assistance of counsel when his criminal attorney, Allen Smith, failed

3

to contact or interview Curtis' bankruptcy attorney, Thomas "Rocky" Willson.[1] The Magistrate Judge concluded that if Smith had contacted Willson and discussed Curtis' bankruptcy proceedings, Smith would have learned Curtis lacked the fraudulent intent required to conceal assets because, it is argued, Curtis acted in good faith reliance on the advice of Willson who did not instruct him to disclose the assets at issue.

The Report and Recommendation primarily relies upon an unreported Fifth Circuit case in support of this conclusion. United States v. Herring, 72 Fed. Appx. 57, 2003 WL 21666581 (5th Cir. 2003).[2] Notably, other good faith defense cases cited by the Magistrate Judge involved an assertion of the defense in a jury trial, and the jury in each case convicted the accused despite evidence that the defendant relied on the advice of counsel in good faith. See

---

[1]  Curtis contends Smith should have argued the good faith defense on three points: (1) valuation of Curtis' Gen-I-Tech, Inc. stock; (2) concealment of Gen-I-Tech's Westside Alternative School contract; and (3) suspensive condition attached to certain of the E-rate program contracts. The Report and Recommendation concludes that the criminal proceedings against Curtis would have had an entirely different outcome had Smith contacted Willson and the good faith defense as to these three points been presented.

[2]  Further, Herring cites U.S. v.West, 22 F.3d 586 (5th Cir. 1994) for the proposition: "A party who acts in good faith reliance on the advice of an attorney does not have the fraudulent intent necessary to support a conviction for bankruptcy fraud." Herring, 2003 WL 21666581 at * 7 (citing West, 22 F.3d at 598, n.34). However, this statement is not a holding of the West case, nor did the West court make such a determination. Rather, the West court in turn cited doctrine: "The role of advisors, such as attorneys, may affect a finding of intent." McCullough, Bankruptcy Fraud, 26 Com.L.J. at 267 (emphasis added). The key issue regarding the good faith defense in West was the use of expert testimony. In U.S. v. Smithson, 49 F.3d 138 (5th Cir. 1995), the Fifth Circuit addressed jury instructions on the good faith defense. In short, discussions of the good faith defense in the cited cases are readily distinguishable from the facts sub judice.

4

U.S. v. West, 22 F. 3d 586 (5th Cir. 1994), *cert. denied*, 513 U.S. 1020 (1994); U.S. v. Smithson, 49 F.3d 138 (5th Cir. 1995).

In comparison, here, Curtis pled guilty in open court and responded "Yes, sir, absolutely" when asked if he agreed that he committed each and every one of the elements of the offense. (Transcript, Doc. 43 at p. 30). We later reconsidered the original guilty plea colloquy and found Mr. Curtis' plea to be knowing and voluntary as to each element of the offense. (Transcript, Doc. 44 at p. 34).

The gravamen of the Report and Recommendation's finding of ineffective assistance of counsel for the guilty plea and sentencing is Mr. Smith's failure to contact Mr. Curtis' bankruptcy attorney, Thomas "Rocky" Willson. However, testimony from Mr. Willson himself at the Section 2255 hearing reveals that Mr. Willson had no information regarding the contracts that Mr. Curtis fraudulently concealed. (Transcript, Doc. 88 at p. 175). At the hearing, Mr. Willson admitted it was the debtor's (Mr. Curtis') obligation to be forthright and honest with the bankruptcy and update the schedules if significant changes occured. (Transcript, Doc. 88 at p. 197). Mr. Curtis fraudulently concealed the contracts at issue from Mr. Willson, the bankruptcy court, and the bankruptcy trustee, Mark Sutton. (Transcript, Doc. 88 at p. 208). Mr. Smith's failure to contact Mr. Willson did not prejudice the proceedings, either at the guilty plea or sentencing stage, against Mr. Curtis because Mr.

Willson had no knowledge of the outstanding contracts which resulted in valuable assets to Gen-I-Tech thereby significantly increasing the value of Mr. Curtis' Gen-I-Tech stock. We find Mr. Smith's representation of Mr. Curtis was not prejudicial to the proceedings against Mr. Curtis either at the guilty plea or sentencing stage.

For these reasons, the Report and Recommendation (Doc. 108) is NOT ADOPTED. IT IS ORDERED that the Motion to Vacate under Section 2255 (Doc. 54) is DENIED.

SIGNED on this ____ day of July, 2012, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE